IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DATHAN M. ROSALES, V-57349,           )
                                      )
            Petitioner,               )         No. C 13-0404 CRB (PR)
                                      )
      vs.                             )         ORDER TO SHOW CAUSE
                                      )
M. SPEARMAN, Acting Warden,           )         (Docket # 2)
                                      )
            Respondent.               )
_____        )

       Petitioner, a state prisoner incarcerated at the Correctional Training

Facility in Soledad, California, has filed a pro se petition for a writ of habeas

corpus under 28 U.S.C. § 2254 challenging a criminal sentence from Alameda

County Superior Court.  Petitioner also seeks to proceed in forma pauperis under

28 U.S.C. § 1915.

## BACKGROUND

       Petitioner pleaded guilty to making terrorist threats and admitted that he

used a firearm.  On or about December 21, 2010, he was sentenced to two years

for the terrorist threats counts and four years for the firearm enhancement for a

total of six years in state prison.  Petitioner did not appeal; instead, he collaterally

challenged his sentence via state habeas.  On July 11, 2012, the Supreme Court of

California denied his final petition for state habeas relief.

**DISCUSSION**

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief on the grounds that he received ineffective assistance of counsel in connection with his plea and sentence, and that he was improperly denied good behavior and work time credits.  Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2.     The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

/

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:   May 21, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Rosales, D.13-0404.osc.wpd